OPINION
{¶ 1} Defendant-appellant, Mason Harris, appeals the decision of the Clermont County Common Pleas Court denying his motion to suppress certain incriminating statements. We affirm the trial court's decision.
 {¶ 2} In April 2000, police detectives Pete Ballauer and Jeff Gearhart of the Union Township Police Department interviewed appellant at the Hamilton County Justice Center. Appellant was being detained there on another charge. The detectives questioned appellant in an interview room at the justice center. During the interview, the detectives asked appellant about several recent burglaries committed in Clermont County.
 {¶ 3} Detective Ballauer first questioned appellant for approximately seven to ten minutes. Detective Ballauer did not inform appellant of his Miranda rights because, according to Detective Ballauer, he was attempting to establish a rapport with appellant. Appellant did not make any incriminating statements to Detective Ballauer.
 {¶ 4} Detective Gearhart then questioned appellant. Prior to questioning appellant, Detective Gearhart informed appellant of hisMiranda rights. At the suppression hearing, Detective Gearhart testified that he could not recall whether he asked appellant if he understood hisMiranda rights. Detective Gearhart testified that he did not ask appellant if he wished to "waive" or "give up" his Miranda rights.
 {¶ 5} Appellant eventually confessed to his involvement in two of the incidents the detectives were investigating. According to appellant, he was attempting to break into women's homes so he could covertly "watch" them. Appellant talked at length with the detectives about his background and his sexual urges to "watch" women. The detectives described the tone of the interview as "polite," "cordial," and conversational. Appellant denied responsibility for a third incident the detectives were investigating. The entire length of the interview was one and a half hours.
 {¶ 6} In July 2000, appellant was indicted for burglary in violation of R.C. 2911.12(A)(1), a second degree felony, and attempted burglary in violation of R.C. 2923.02(A), a third degree felony.
 {¶ 7} In February 2001, appellant filed a motion to suppress with the trial court. In his motion, appellant argued that the statements he made to the detectives concerning the burglaries were obtained in violation of Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602. According to appellant, because he did not waive his Miranda rights, the trial court should have suppressed the statements. The state argued that the requirements of Miranda were not triggered because, though appellant was being interrogated, he was not "in custody." Even if appellant was in custody, the state argued that appellant's behavior at the interview constituted an implied waiver of his Miranda rights.
 {¶ 8} The trial court denied appellant's motion to suppress. The trial court found that appellant was in custody. However, the trial court found that, given all the surrounding circumstances, appellant's behavior at the interview constituted an implied waiver of his Miranda
rights. Appellant then pled no contest to the charges. The trial court convicted appellant of both charges and sentenced him accordingly.
 {¶ 9} Appellant now appeals, assigning one error. Appellee, the state, cross-appeals, also assigning one error.
Appellant's Assignment of Error
 {¶ 10} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS STATEMENTS WRITTEN AND/OR ORAL."
 {¶ 11} Under his assignment of error, appellant argues that the state did not prove appellant's waiver of his Miranda rights.
 {¶ 12} When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's findings if they are supported by competent, credible evidence, State v. McNamara (1997),124 Ohio App.3d 706, 710, and relies upon the trial court's ability to assess the credibility of witnesses. State v. Anderson (1995),100 Ohio App.3d 688, 691. An appellate court, however, reviews de novo whether the trial court applied the appropriate legal standard to the facts. Id.
 {¶ 13} It is settled law that a Miranda waiver need not be expressly made in order to be valid. State v. Murphy, 91 Ohio St.3d 516,518, 2001-Ohio-112, citing North Carolina v. Butler (1979), 441 U.S. 369,373, 99 S.Ct. 1755; see, also, State v. Crittenden (Nov. 19, 2001), Clermont App. No. CA2001-04-045, 2001-Ohio-8665. A court may infer a waiver from the suspect's behavior, viewed in light of all the surrounding circumstances. Murphy at 518.
 {¶ 14} Detective Gearhart testified at the suppression hearing that he read appellant his Miranda rights. Both detectives testified that appellant understood English. After appellant was read his Miranda
rights, he spoke in detail about his involvement in two of the incidents being investigated. Both incidents involved appellant entering women's homes in order to covertly "watch" them. Appellant specifically denied responsibility for a third incident.
 {¶ 15} Appellant also provided the detectives with information about his background. He stated where and with whom he was living, where he grew up, and where he worked. He said that he did not want to become like his father, who was incarcerated for rape. Appellant claimed that he was the product of one of his father's rapes.
 {¶ 16} Appellant spoke candidly to the detectives about his sexual urges to "watch" women. He told Detective Gearhart that he wanted help for his "problem." Detective Gearhart informed him about 12-step programs designed to redirect sexual urges. Appellant stated that he did not feel sorry for the women he "watched" because he was not physically harming them. Appellant noticed that the detectives were wearing wedding rings, and asked them how they could be involved with just one woman.
 {¶ 17} Detective Ballauer testified that the tone of the interview was "polite" and "cordial." Detective Gearhart testified that everyone remained seated and that their voices "never rose to argument." Both detectives testified that appellant was not deprived of food, water, or a restroom break during the hour and a half interview. At no time did appellant ask to stop the questioning or ask for an attorney. Detective Gearhart testified that appellant appeared to speak freely. He also testified that no one made any promises of preferential treatment to appellant if he told them the truth.
 {¶ 18} Based on the testimony in the record and all the surrounding circumstances, we find that the state proved appellant's knowing, voluntary, and intelligent waiver of his Miranda rights. Though he did not expressly waive his Miranda rights, the detectives' testimony showed that appellant's behavior constituted an implied waiver of hisMiranda rights. After being informed of his Miranda rights, appellant spoke freely and extensively about his background and his involvement in the crimes being investigated. Appellant even spoke in detail about the nature of his sexual urges to "watch" women, and other matters only tangentially related to the crimes. It is apparent from the record that appellant was providing the detectives with information of his own free will and with an understanding of the consequences. Additionally, nothing in the record indicates that the detectives used improper questioning tactics or that the interview was otherwise coercive.
 {¶ 19} We agree with the trial court that the better police practice is to obtain an express waiver. While not guaranteeing the validity of a waiver, an express written or oral statement waivingMiranda rights is strong proof of the validity of the waiver. SeeButler, 441 U.S. at 373. Nevertheless, considering all the surrounding circumstances in this case, we find that appellant's behavior at the interview constituted an implied waiver of his Miranda rights.
Appellee's Cross-Assignment of Error
 {¶ 20} "THE TRIAL COURT ERRED IN HOLDING THAT THE DEFENDANT WAS IN CUSTODY FOR PURPOSES OF THE MIRANDA
RULE."
 {¶ 21} Under its cross-assignment of error, the state argues that appellant was not "in custody" when the detectives interrogated him.
 {¶ 22} Due to our resolution of appellant's assignment of error, the state's cross-assignment of error is now moot. Even if appellant was "in custody," he impliedly waived his Miranda rights. Thus, the trial court did not err in denying appellant's motion to suppress.
Judgment affirmed.
YOUNG, J., concurs.
WALSH, P.J., concurs in part and dissents in part.